UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-121-GWU

PHILLIP TRACY ASHER, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Phillip Asher brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Asher, a former shift supervisor, truck driver, assembler/maintenance worker, and welder/fork lift mechanic, suffered from impairments related to degenerative disc disease of the lumbar spine.  (Tr. 13, 17).  Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 15).  Since the claimant was found capable of returning to his past relevant work, he could not be considered totally disabled.  (Tr. 17).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

James Miller testified at the administrative hearing as a vocational expert. The hypothetical question presented by the ALJ included an exertional limitation to medium level work restricted from a full range by an inability to ever climb ladders, ropes or scaffolds.  (Tr. 48). In response, Miller testified that all of Asher's previous work could still be performed.  (Id.).  Therefore, assuming that the vocational factors

considered by Miller fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the hypothetical question, the undersigned can find no error. Asher was found capable of performing medium level work, restricted from a full range by an inability to ever climb ladders, ropes or scaffolds in an administrative decision which became final on January 31, 2007. (Tr. 68-72). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ." The current ALJ concluded that the evidence presented by Asher was not sufficient to show deterioration in his condition since the prior denial decision to support a different residual functional capacity finding. (Tr. 15). Therefore, the ALJ's findings of a restricted range of medium level work are in accord with these directives.

Dr. Carlos Hernandez reviewed the record and indicated that Asher could perform medium level work restricted from a full range by an inability to ever climb

ladders, ropes or scaffolds. (Tr. 237-244). He found no new and material evidence to justify a change in the residual functional capacity from that established in January of 2007. (Tr. 238). Dr. Jamal Bazzi of Appalachian Regional Healthcare treated the plaintiff for right shoulder pain but noted no functional restrictions beyond those found by the ALJ. (Tr. 276-277). These reports support the administrative decision.

Julia Blocker, a nurse-practitioner employed by Dr. Charles Moore, Asher's treating physician, completed a form indicating that the plaintiff met the standards for a commercial driver's license for a three month period in July of 2008. (Tr. 270). She specifically noted that the claimant did not experience limitation of spine motion or tenderness which would preclude commercial driving. (Id.). Although under the federal regulations at 20 C.F.R. § 416.913, Blocker would be an "other medical source" whose opinion would not be binding on the ALJ, this report provides additional support for the ALJ's finding that Asher's condition had not deteriorated since January, 2007.

Asher asserts that the ALJ erred in rejecting the opinion of Dr. Moore, his treating physician. Dr. Moore identified extremely severe restrictions on an assessment form which would limit the plaintiff to less than a full range of sedentary level work. (Tr. 272-274). Blocker, the nurse-practitioner employed by Dr. Moore,

reported the same restrictions.[1]  (Tr. 264-266).   The ALJ cited a number of very good reasons for rejecting these opinions.  The ALJ noted the infrequency of office visits in 2007 and 2008 as well as the paucity of clinical findings made during those visits.  (Tr. 16).  Stiffness and muscle spasm were reported in April and July of 2007 and in January, April and July of 2008.  (Tr. 218, 220, 258, 260-261).  An X-ray of the cervical spine was negative in June of 2008.  (Tr. 263).  An x-ray of the right shoulder revealed an old chip fracture or calcific tendonitis but was otherwise unremarkable.  (Id.).  Dr. Moore cited L4-L5 disc disease seen on an MRI scan as objective evidence in support of his severe physical restrictions.   (Tr. 273).  However, the only MRI scan of record was made in January of 2006 and, so, was considered in the prior opinion.   (Tr. 188).  These findings do not suggest deterioration from the plaintiff's status in January of 2007.  The ALJ cited the inconsistent findings of Blocker who identified extremely severe physical restrictions on her assessment form for the Social Security Administration yet also found the claimant qualified for a commercial driver's license.  (Tr. 16-17).  Therefore, the undersigned finds that the ALJ properly rejected the functional restrictions of the treating sources.

---

[1] Since Blocker was not an "acceptable medical source" her opinion would not be binding on the ALJ.  20 C.F.R. § 416.913.

Asher argues that the ALJ erred by failing to provide specific reasons for rejecting the credibility of his hearing testimony.  The ALJ cited the lack of clinical findings made by Dr. Moore and Blocker during his infrequent office visits as well as the inconsistent findings of Blocker in support of his credibilty assessment.  (Id.).  Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 24th day of January, 2011.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**